METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,

v.

Elizabeth A. ZAREMBA, et al., Defendants.

Civil Action No. 4:11cv52.

United States District Court, E.D. Virginia, Newport News Division.

Aug. 10, 2012.

———

John Byron Flood, Joleen Roslyn Okun, Ogletree Deakins Nash Smoak & Stewart PC, Washington, DC, for Plaintiff.

Elizabeth A. Zaremba, Brunswick, OH, pro se.

Gregory William Klein, Taylor & Walker PC, Norfolk, VA, for Defendants.

Jodi Zaremba, Parkton, NC, pro se.

## FINAL ORDER

REBECCA BEACH SMITH, Chief Judge.

This matter comes before the court following the expiration of the deadline for the parties to respond to the court's Order To Show Cause, issued June 29, 2012. For the reasons set forth below, the court **ORDERS** that the case be **DISMISSED.**

### I. *Background*

Plaintiff, Metropolitan Life Insurance Company (Met Life), initiated this interpleader' action against defendants, Lori Snawder (Snawder), Jodi Zaremba (Zaremba), and Elizabeth A. Zaremba, also known as Elizabeth Bergstresser (Bergstresser), requesting that the court determine the proper distribution of insurance proceeds from decedent's, Norman Zaremba, Met Life life insurance plan. (ECF No. 1.) Snawder and Zaremba, two sisters and the children of decedent, allege that they are the proper beneficiaries, sharing equally (50/50) in the insurance proceeds. (ECF No. 20.) Bergstresser, believed to have been the decedent's former wife, also claimed a right to the funds. (*See id.*) Based on this dispute, and suspicious circumstances regarding changes to the beneficiaries from Bergstresser to the two sisters on decedent's policy within hours of his death, Met Life initiated this action. (*See* ECF No. 1.)

After preliminary pleadings, including an Answer filed by Bergstresser on June 20, 2011 (ECF No. 8), Snawder filed a Motion for Summary Judgment in which she averred that Bergstresser had died. (ECF No. 20, Ex. 6). Because no party appeared to substitute for Bergstresser, the court ordered Met Life to file a Notice of Death for Bergstresser pursuant to Federal Rule of Civil Procedure 25. Thereafter, the parties had ninety days to

substitute a proper party for the deceased defendant under Rule 25.

On March 16, 2012, Met Life filed a Notice of Death for Bergstresser (ECF No. 27); however, no party moved to substitute for Bergstresser. Pursuant to Federal Rule of Civil Procedure 25(a)(1), Bergstresser must be dismissed as a party, and, as a result, the court would lack jurisdiction over the dispute.[1] Accordingly, the court ordered the remaining parties to show cause why the case should not be dismissed for lack of jurisdiction. (ECF No. 28.) The parties did not respond to the Show Cause Order, and the time fixed for responding has now expired.

## II. *Analysis*

When a party to proceedings dies, and no party is substituted, Federal Rule of Civil Procedure 25(a)(2) permits the action to continue if the right sought to be enforced survives. In this case, once Bergstresser is dismissed as a party, only Snawder and Zaremba are left as defendants, and the case may continue only if the right sought to be enforced [by Met Life] survives. Fed.R.Civ.P. 25(a)(2). However, because Snawder and Zaremba are not adverse claimants, the right sought to be enforced does not survive. As a result, the court lacks jurisdiction and the case may not proceed.

According to the Interpleader Statute, 28 U.S.C. § 1335(a)(1), [t]he district courts shall have original jurisdiction of any civil action of interpleader ... if two or more adverse claimants, of diverse citizenship ... are claiming or may claim to be entitled to such money.... The statute further clarifies that [s]uch an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, *but are adverse to* and independent of one another. 28 U.S.C. § 1335(b) (emphasis

added); *see Leimbach v. Allen,* 976 F.2d 912, 916–17 (4th Cir.1992) (discussing adverse claimants in an interpleader action); *Catizone v. Memry Corp.,* 897 F.Supp. 732, 740 (S.D.N.Y.1995) ( [I]nterpleader will not be available unless there are two or more adverse claimants to the disputed shares.).

This requirement is necessary because [t]he goal of an interpleader action is to '[a]bsolve the stakeholder from the threat of multiple liability by determining which of the claimants is entitled to the stake.' *ReliaStar Life Ins. Co. v. Lormand,* 3:10–CV–540, 2011 WL 900113, at \*3 (E.D.Va. Mar. 11, 2011) (quoting *Equitable Life Assurance Soc'y v. Jones,* 679 F.2d 356, 358 n. 2 (4th Cir.1982)).

In this case, following Bergstresser's death and dismissal, the remaining claimants are not adverse because Snawder and Zaremba both claim that they are jointly and equally entitled to the decedent's life insurance payment. The adversity formerly present between the claims of Bergstresser and the two sisters no longer exists following Bergstresser's mandatory dismissal. While it was not necessary for the Bergstresser estate to actually *claim* a right to the funds, the estate, or some other potentially adverse claimant, must nevertheless be joined to the action in order for the court to maintain jurisdiction. *Cf. Atwater v. Nortel Networks, Inc.,* 388 F.Supp.2d 610, 616 (M.D.N.C.2005) (There need not be multiple claimants asserting claims to the plan benefits for interpleader to be possible, so long as '[t]wo or more adverse claimants ... are claiming *or may claim* to be entitled to such money or property.') (quoting 28 U.S.C. § 1335) (emphasis in original).

## III. *Conclusion*

Because Bergstresser is deceased and no party has been substituted as required

---

1. *See infra* Part II.

by Federal Rule of Civil Procedure 25(a)(1), Bergstresser is **DISMISSED** as a defendant in this case. As a result, there are no longer any adverse claimants in this interpleader action. Accordingly, the court **ORDERS** that the case be **DISMISSED** for lack of jurisdiction.

The Clerk **SHALL** forward a copy of this Final Order to counsel and to the *pro se* parties at their last known address. All parties are advised that they may appeal from this Final Order by forwarding a written notice of appeal to the Clerk of this United States District Court, United States Courthouse, 2400 West Avenue, Newport News, Virginia 23607. This written notice must be filed with the Clerk within thirty (30) days from the date of the filing of this Final Order.

IT IS SO ORDERED.